IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN FRANCIS KRUSE, JR.,

    Plaintiff,

v.                                             Case No. 1:16-cv-329-WTH-GRJ

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Pending before the Court is ECF No. 15, Defendant's Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g).

Defendant requests the Court to remand this case under sentence four of § 405(g) so that an administrative law judge may further evaluate the evidence of record and issue a new administrative decision. Defendant states that upon remand, the ALJ will consider the medical opinion evidence in accordance with the Commissioner's regulations and, if warranted, consult a vocational expert to clarify the effects of the assessed

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Accordingly, pursuant to Fed. R. Civ. P. 25(d), Nancy A. Berryhill should be substituted for former Acting Commissioner of Social Security, Carolyn W. Colvin, as Defendant in this matter. The **Clerk** is directed to correct the docket accordingly.

limitations on Plaintiff's ability to perform work. Defendant has conferred with counsel for Plaintiff, who represents that Plaintiff does not object to this motion.

Title 42, United States Code, Section 405(g), empowers the Court to reverse the decision of the Commissioner with or without remanding the cause for a rehearing.[2] Where the district court cannot discern the basis for the Commissioner's decision, a sentence four remand may be appropriate to allow him to explain the basis for his decision.[3] On remand under sentence four, the administrative law judge ("ALJ") should review the case on a complete record, including any new material evidence.

Accordingly, it is **RECOMMENDED** that:

1. Defendant's Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), ECF No. 15, should be **GRANTED**.

2. The Commissioner's decision denying benefits to Plaintiff should be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. On remand the ALJ will consider the medical opinion evidence in accordance with the Commissioner's regulations, if warranted, consult a vocational expert to clarify the effects of the assessed limitations on Plaintiff's ability to perform work, and issue a new decision.

---

[2] *Shalala v. Schaefer*, 509 U.S. 292 (1993).

[3] *Falcon v. Heckler,* 732 F.2d 827, 829-30 (11th Cir. 1984).

3. The **Clerk** should be directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IN CHAMBERS** this 26th day of May, 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.